NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JESSE CASTILLO, | : | **Hon. Renée Marie Bumb** |
|  | : |  |
| Plaintiff, | : | Civil Action No. 06-1417 (RMB) |
|  | : |  |
| v. | : |  |
|  | : |  |
| GEORGE W. HAYMAN, et al., | : | **O P I N I O N** |
|  | : |  |
| Defendants. | : |  |

APPEARANCES:

> JESSE CASTILLO, #456053B, Plaintiff <u>Pro Se</u>
> South Woods State Prison
> 215 S. Burlington Road
> Bridgeton, New Jersey  08302

BUMB, District Judge

Plaintiff Jesse Castillo, an inmate confined at South Woods State Prison ("SWSP"), seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's institutional account and forward same to the Clerk, when funds exist; and (5) directs the NJDOC to forward payments from his institutional account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing

fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having

screened Plaintiff's allegations pursuant to 28 U.S.C. §§

1915(e)(2) and 1915A, the Court dismisses the Complaint.

## I.  BACKGROUND

Plaintiff asserts that, effective January 2006, prison

officials implemented a new inmate telephone system provided

exclusively by Global Tel-Link. (Compl., Count 1.)  Plaintiff

alleges that under this new system, telephone calls made by

inmates to persons outside the prison must be paid for in advance

by the person being called.  (Id., Count 2.)  He asserts that

Global Tel-Link has a monopoly on phone services to inmates,

(id., Counts 1, 7), the charges are unduly expensive ($8.00 for

15 minutes, with a 10% handling fee) (id., Counts 3, 6, 8, 12,

15), the Department of Corrections receives a kick-back, (id.,

Count 13), the quality of the telephone service is inconsistent,

(id., Count 8), and that defendant Kathryn MacFarland failed to

inform him of the payment process (Count 9).  Plaintiff further

complains that prison officials prohibit inmates from obtaining a

virtual remote local phone number, (id., Counts 10, 11),

purchasing pre-paid phone cards, (id., Count 5), and making

collect calls, (id., Count 14).  Plaintiff alleges that the cost

of the new phone system discourages contact between the inmate

and his or her family.  (Id., Counts 1, 4, 6, 7.)  Plaintiff

seeks injunctive relief.  (Id. ¶ 7.)

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison
Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810,
110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the
Court, prior to docketing or as soon as practicable after
docketing, to review a complaint in a civil action in which a
plaintiff is proceeding in forma pauperis or a prisoner seeks
redress against a governmental employee or entity.  See 28 U.S.C.
§§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua
sponte dismiss any claim if the Court determines that it is
frivolous, malicious, fails to state a claim on which relief may
be granted, or seeks monetary relief from a defendant who is
immune from such relief.  Id.

A pro se complaint is held to less stringent standards than
formal pleadings drafted by lawyers.  See Haines v. Kerner, 404
U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an
arguable basis in law" or its factual allegations describe
"fantastic or delusional scenarios."  Neitzke v. Williams, 490
U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194
(3d Cir. 1990).  "Given the Federal Rules' simplified standard
for pleading, '[a] court may dismiss a complaint only if it is
clear that no relief could be granted under any set of facts that
could be proved consistent with the allegations.'"  Swierkiewicz

3

v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.   DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

4

> suit in equity, or other proper proceeding
> for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). The Court construes Plaintiff's Complaint as challenging the telephone service under the First and Eighth Amendments, applicable to states through the Fourteenth Amendment.

A. First Amendment

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. Although "prisoners do not forfeit all constitutional protections," it is settled that "[t]he fact of confinement as well as the legitimate goals and policies of the penal institution limit these retained constitutional rights." Bell v. Wolfish, 441 U.S. 520, 545, 546 (1979). Moreover, prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell, 441 U.S. at 547. As

the Supreme Court explained in <u>Overton v. Bazzetta</u>, 539 U.S. 126,
132 (2003), a case in which the Court rejected inmates' First
Amendment challenge to denial of visitation,

> The very object of imprisonment is
> confinement.  Many of the liberties and
> privileges enjoyed by other citizens must be
> surrendered by the prisoner.  An inmate does
> not retain rights inconsistent with proper
> incarceration.  And, as our cases have
> established, freedom of association is among
> the rights least compatible with
> incarceration.  Some curtailment of that
> freedom must be expected in the prison
> context.
>
>     We do not hold, and we do not imply, that
> any right to intimate association is
> altogether terminated by incarceration or is
> always irrelevant to claims made by
> prisoners.  We need not attempt to explore or
> define the asserted right of association at
> any length or determine the extent to which
> it survives incarceration because the
> challenged regulations bear a rational
> relation to legitimate penological interests
> . . .We must accord substantial deference to
> the professional judgment of prison
> administrators, who bear a significant
> responsibility for defining the legitimate
> goals of a corrections system and for
> determining the most appropriate means to
> accomplish them.  The burden, moreover, is
> not on the State to prove the validity of
> prison regulations but on the prisoner to
> disprove it.

<u>Overton</u>, 539 U.S. at 131-32 (citations omitted).

     The Supreme Court has chosen the most deferential standard
of review for cases challenging prison regulations as violative
of the Constitution.  Under that standard, "restrictive prison
regulations are permissible if they are 'reasonably related to

6

legitimate penological interests,' and are not an 'exaggerated response' to such objectives." Beard v. Banks, 126 S. Ct. 2572, 2578 (2006) (quoting Turner v. Safley, 482 U.S. 78, 87 (1987)).

It is established that a prisoner "has no right to unlimited telephone use." Washington v. Reno, 35 F. 3d 1093, 1100 (6th Cir. 1994) (quoting Benzel v. Grammar, 869 F. 2d 1105, 1108 (8th Cir. 1989)). An inmate's telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution." Id. (quoting Strandberg v. City of Helena, 791 F. 2d 744, 747 (9th Cir. 1986)). Accepting Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, the Court finds that the telephone service described in the Complaint does not violate Plaintiff's rights under the First Amendment.

B.  Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishments. To state a claim under the Eighth Amendment, an inmate must allege both an objective element and a subjective element. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To establish a conditions of confinement claim, an inmate must show objectively that the alleged deprivations are sufficiently serious. Id. Conditions are sufficiently serious when they deny the inmate one identifiable basic human need. See Wilson v. Seiter, 501 U.S. 294, 305 (1991). Several deprivations in

7

combination may satisfy the objective component "when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need, such as food, warmth, or exercise." Wilson 501 U.S. at 304; see also Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996); Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992).

A prisoner must also show that the official acted or failed to act with deliberate indifference to a substantial risk of harm to his health or safety. See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 305; Nami, 82 F.3d at 67. A prison official is deliberately indifferent when he or she "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

The problem with Plaintiff's Eighth Amendment claim is that the Global Tel-Link telephone service does not deprive Petitioner of a basic human need. Thus, Plaintiff's Eight Amendment claim necessarily fails.

## IV.   CONCLUSION

For the reasons set forth above, the Court dismisses the Complaint.

RENEE MARIE BUMB, U.S.D.J.

8

Dated: _August 3_____, 2006